UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GREAT AMERICAN ALLIANCE
INSURANCE COMPANY, a foreign
corporation,

    Plaintiff,

v.                                                 Case No: 5:24-cv-55-WGY-PRL

AUTO-OWNERS INSURANCE
COMPANY,

    Defendant.

## ORDER

This matter is before the Court on Defendant Auto-Owners Insurance Company's ("Auto-Owners") motion to compel discovery responses from Plaintiff Great American Alliance Insurance Company ("Great American"). (Doc. 25). Great American has filed a response (Doc. 31), and thus this matter is ripe for review.

### I.    Background

This is an equitable subrogation action filed by Great American against Auto-Owners. Auto-Owners was the primary carrier, and Great American was the excess carrier for their common insureds, Summit Greens Resident's Association, Inc. ("Summit Greens) and Leland Management, Inc. ("Leland"). This dispute arises from claims related to the same single occurrence—exposure to legionella in the hot tub on the Summit Greens' property—and are subject to the per occurrence policy limits of the Auto-Owners Policy. The Plaintiffs

in the Fischer Action[1] sought damages for the wrongful death of Delmar Fischer and personal injuries to Karin Fischer. Likewise, the Plaintiffs in the Lewis Action[2] sought damages for personal injuries to Charlie Lewis and loss of consortium to Dessie Larrita Brown-Lewis. Auto-Owners ultimately settled the Fischer Action and Great American settled the Lewis Action.

This matter is before the Court on Auto-Owners' motion to compel complete discovery responses from Great American. (Doc. 25). At issue are Auto-Owners' First Set of Interrogatories and First Request for Production that it propounded upon Great American on August 28, 2024. (Docs. 25-1, 25-3). Great American responded, raising various objections and providing what Auto-Owners contends are "non-responsive answers regarding matters that get to the heart of the current action." (Docs. 25-2, 25-4).

The instant motion tees up the parties differing views as to the obligations owed between the insurers under Florida law in a "multiple claimant single occurrence" scenario. In the complaint, Great American alleges that because it received late notice of the Lewis Claim and Lewis Action by Auto-Owners, Auto-Owners is strictly liable to Great American for any sums it paid to settle the Lewis Action. In contrast, Auto-Owners argues that Great American must show that Auto-Owners had an opportunity to settle the Lewis Action and Fischer Action within the Auto-Owners Policy limits and failed to do so.[3]

---

[1] *Karin Fisher, ind. and as P.R. of the Est. of Delmar Fischer v. Summit Greens Residents' Association, Inc., et al.*, Case No.: 35-2018-CA-001520.

[2] *Charlie Lewis and Dessie Larita Brown-Lewis v. Summit Greens Residents' Association, Inc., Leland Management, Inc., and Roberts Pool Service and Repair, Inc.,* Case No. 2021-CA-000858.

[3] While Auto-Owners has not yet filed its answer, it has made its contrary position clear in other papers filed with the Court. For example, in its motion to dismiss, Auto-Owners argues *inter alia* that Great American cannot state a claim for relief because it has not and cannot allege that Auto-Owners had an opportunity to settle the Fischer Action within the limits of the Auto-Owners'

## II.     Legal Standards

Motions to compel discovery under Rule 37(a) of the Federal Rules of Civil Procedure are committed to the sound discretion of the trial court. *See Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). "The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result." *Oliver v. City of Orlando*, No. 6:06-cv-1671, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007).

Indeed, parties are entitled to discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering various factors. Fed. R. Civ. P. 26(b)(1). Specifically: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Under Rule 26, the Court has broad discretion to limit the time, place, and manner of discovery as required "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The Court's exercise of discretion to appropriately fashion the scope and effect of discovery will be sustained unless it abuses that discretion to the prejudice of a party. *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758

---

Policy limits, thereby exposing Great American to amounts it would not otherwise have had to pay." (Doc. 10 at 7).

F.2d 1486, 1505 (11th Cir.1985); see also *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir.1991) ("The trial court ... has wide discretion in setting the limits of discovery, and its decisions will not be reversed unless a clearly erroneous principle of law is applied, or no evidence rationally supports the decision.").

Relevancy and proportionality are the guiding principles. The moving party "bears the initial burden of proving that the information sought is relevant." *Douglas v. Kohl's Dep't Stores, Inc.*, No. 6:15-cv-1185, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quoting *Moore v. Lender Processing Servs. Inc.*, No. 3:12-cv-205, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013)). Relevancy is based on the "tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." *Garcia v. Padilla*, No. 2:15-cv-735, 2016 WL 881143, at *2 (M.D. Fla. March 8, 2016) (quoting Fed. R. Evid. 401). The Courts and the parties must consider and evaluate "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b) (1) ("The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Comment, 2015 Amendment).

### III. Discussion

Auto-Owners has moved to compel better responses to Interrogatories #4 through #13 and #16 and to Requests for Production #1 through #13, #15 through #20, and #22 through #29.

Interrogatory #4 seeks the damages being claimed by Great American and the basis for them. As an initial matter, it appears that the issue of the settlement agreement has been largely resolved (*see e.g.,* Doc. 47) and that Great American has confirmed that it is seeking to recover the entirety of the settlement it paid in the Lewis Action. However, Great American's general reference to the Complaint to support unspecified amounts sought for interest, as well as "attorneys' fees and costs and disbursement of this action" is insufficient. Auto-Owners is entitled to know the actual amounts sought, recognizing that those amounts will likely increase as litigation continues.

Interrogatories #5, #6, and #7 seek what information Great American has to prove that the Fischer Action and/or Lewis Action could have been settled within the Auto-Owners Policy limits and without contribution from Great American. Likewise, Interrogatories #12, #13, and #16 seek information regarding Great American's evaluations of the Lewis Action and Fischer Action and their underlying facts. Great American objected that these interrogatories seek information that is not relevant to its claim of equitable subrogation. However, as discussed above, this information is clearly relevant to Auto-Owner's defense of this action—i.e., that there can be no equitable subrogation where one or both claims could not have globally settled without a contribution from Great American. Moreover, the requested information is relevant to allegations of prejudice in the Complaint including that Great American "paid more insurance proceeds to settle the Lewis Action and protect Summit Greens and Leland than if Auto-Owners had timely given notice to Great American." (Doc. 1 at ¶52). Accordingly, Great American's relevance objections are overruled.

Interrogatories #8, #9, #10, and #11 quote or reference specific allegations in the Complaint and ask what support Great American has for the allegations. In response, Great American refers generally to the Complaint and its Rule 26 Initial Disclosures. The Court agrees that this blanket reference is wholly insufficient, as Auto-Owners is left to guess which allegations in the Complaint and which portions of the Initial Disclosures are responsive.

Finally, the disputed requests for production seek information regarding the valuation of the claims and the ability or inability to settle the Fischer Action and/or the Lewis Action within the Auto-Owners Policy limit.[4] For the reasons discussed above, Great American's relevancy objections raised as to these requests are overruled. Great American also generally directed Auto-Owners to its Complaint and Rule 26 Initial Disclosures without identifying which documents apply to each request. While Great American contends that Auto-Owners already has most (if not all) of the responsive documents, Auto-Owners is entitled to know which documents Great American believes to be responsive.

Accordingly, Auto-Owners' motion to compel (Doc. 25) is **GRANTED**.[5] Great American's objections to Interrogatories #4 through #13 and #16 and Request for Production #1 through #13, #15 through #20, and #22 through #29 are overruled and Great American shall produce full and complete responses within **ten days** of this Order.

---

[4] In response to the instant motion, Great American contends that the requested information is entirely repetitive of what was discussed with respect to the interrogatories, and thus, it raises no additional argument. (Doc. 31 at 14).

[5] Because the Court was able to address the motion on the papers, Auto-Owner's motion for oral argument (Doc. 26) is denied as moot.

- 7 -

**DONE** and **ORDERED** in Ocala, Florida on February 11, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties