**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

GREAT AMERICAN ALLIANCE INSURANCE COMPANY,

Plaintiff,

v. Case No. 5:24-cv-55-MMH-PRL

AUTO-OWNERS INSURANCE COMPANY,

Defendant.

---

# ORDER

Plaintiff Great American Alliance Insurance Company ("Great American") initiated this action by filing a Complaint and Demand for Jury Trial (Doc. 1; Complaint) asserting a claim of equitable subrogation against Defendant Auto-Owners Insurance Company ("Auto-Owners").

Before the Court is Plaintiff's Objections to Magistrate's[1] Order [DE 48] Regarding Defendant's Motion to Compel (Doc. 52; Objections) filed on

---

[1] In 1990, the United States Congress intentionally, and after much consideration, changed the title of each United States magistrate to "United States magistrate judge." See Judicial Improvements Act of 1990, Pub. L. No. 101-650 § 321 (1990) ("After the enactment of this Act, each United States magistrate appointed under § 636 of Title 28 United States Code, shall be known as a United States magistrate judge...."); see also Ruth Dapper, A Judge by any Other Name? Mistitling of United States Magistrate Judges, 9 Fed. Cts. L. Rev. 1, 5 (Fall 2015). As such, counsel should refer to a magistrate judge as "Judge ___________" or the "Magistrate Judge." See Koutrakos v. Astrue, 906 F. Supp. 2d 30, 31 n.1 (D. Conn. 2012) pointing out the proper way to refer to a United States magistrate judge).

February 21, 2025, pursuant to Federal Rule of Civil Procedure 72(a). Great American objects to the Order (Doc. 48; Order) entered by the Honorable Philip R. Lammens, United States Magistrate Judge, on February 11, 2025, in which he resolved Defendant, Auto-Owners Insurance Company's, Motion to Compel Plaintiff, Great American Insurance Company, to Provide Appropriate and Complete Answers to Discovery (Doc. 25; Motion to Compel). See generally Objections. Auto-Owners filed a response to the Objections (Doc. 54; Response). Without any acknowledgment of the applicable standard of review or citation to legal authority supporting its interpretation of General Security National Insurance Company v. Marsh, 303 F. Supp. 2d 1521 (M.D. Fla. Feb. 10, 2004), Great American objects to the Magistrate Judge's Order and asks the Court to reverse or set aside certain portions of the Order.

## I. Standard of Review

Inasmuch as the Magistrate Judge's Order does not dispose of a claim or defense of any party, it is a nondispositive order. See Smith v. Sch. Bd. of Orange Cnty., 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam). As such, to prevail in its Objections, Great American must establish that the conclusions in the Order to which it objects are clearly erroneous or contrary to law. See Rule 72(a); 28 U.S.C. § 636(b)(1)(A); see also Traylor v. Howard, 433 F. App'x

835, 836 (11th Cir. 2011)[2]; Merritt v. Int'l Bhd. of Boilermakers, 649 F.2d 1013, 1016-17 (5th Cir. 1981)[3]; Nat'l Ass'n for the Advancement of Colored People v. Fla. Dep't of Corr., 122 F. Supp. 2d 1335, 1337 (M.D. Fla. 2000) ("The standard for overturning a Magistrate Judge's Order is a very difficult one to meet."). "Clear error is a highly deferential standard of review." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (citations and quotations omitted); see also Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."). A magistrate judge's order "is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

procedure.'" Botta v. Barnhart, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (quoting Catskill Dev., L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002))[4]; see also Pigott v. Sanibel Dev., LLC, No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (similar) (citation omitted); Schaaf v. SmithKline Beecham Corp., No. 1:04-cv-2346-GET, 2008 WL 489010, at *3 (N.D. Ga. Feb. 20, 2008) (similar) (citation omitted).[5] Moreover, a

---

[4] Decisions of other district courts are not binding on this Court, but they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

[5] The Court notes some authority that the "contrary to law" standard invites plenary review of a magistrate judge's legal conclusions. See e.g., Haines v. Liggett Grp., Inc., 975 F.2d 81, 91 (3d Cir. 1992); Milwaukee Carpenter's Dist. Council Health Fund v. Philip Morris, Inc., 70 F. Supp. 2d 888, 892 (E.D. Wis. 1999); Comput. Econ., Inc. v. Gartner Grp., Inc., 50 F. Supp. 2d 980, 983 & n.2 (S.D. Cal. 1999). In this Circuit, however, the "contrary to law" standard has been distinguished as more deferential than de novo review. See Merritt, 649 F.2d at 1016-17 ("[A] magistrate[judge's nondispositive orders] are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination as are a magistrate[judge's] proposed findings and recommendations."). Nonetheless, even to the extent the "contrary to law" standard may invite some level of plenary review, it is evident that because a magistrate judge is afforded broad discretion as to discovery matters, reversal as to a magistrate judge's discovery-related order is appropriate only where that discretion is abused. See generally Johnson v. Bd. of Regents of the Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pretrial activities, including discovery and scheduling."); Botta, 475 F. Supp. 2d at 185; Doe v. Hartford Life & Accident Ins. Co., 237 F.R.D. 545, 547-48 (D.N.J. 2006); Doe v. Marsh, 899 F. Supp. 933, 934 (N.D.N.Y. 1995); see also CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3069 (2d ed. 1997) ("Regarding legal issues, the language 'contrary to law' appears to invite plenary review. But many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis.").

magistrate judge is afforded broad discretion in issuing nondispositive pretrial orders related to discovery such as the April 8, 2024, Order. See Tracy P. v. Sarasota Cnty., No. 8:05-CV-927-T-26EAJ, 2007 WL 1364381, at *2 (M.D. Fla. May 9, 2007); see also In re Authority of United States Magistrate Judges in the Middle District of Florida, No. 8:20-mc-100-SDM, Doc. 3 at 4 (M.D. Fla. Oct. 29, 2020) ("In civil proceedings where the parties do not unanimously consent, a magistrate judge may conduct proceedings and enter an order concerning: (1) Pretrial proceedings and motions.").

## II. Discussion

Upon review of the Objections, it is apparent that Great American disagrees with the Magistrate Judge's resolution of Auto-Owners' Motion to Compel. However, Great American fails to identify any findings in the Order that are clearly erroneous or contrary to law. Instead, Great American simply reargues the contentions rejected by the Magistrate Judge. Additionally, the Court finds Great American's reliance on the arguments presented by Auto-Owners in its motion for summary judgment (Doc. 35) to be unavailing. Notably, the Court has denied the cross-motions for summary judgment. See Memorandum and Order (Doc. 74). Moreover, at no time did the Court stay discovery in this action, and Great American cannot continue to refuse to provide discovery that it was ordered to produce.

After careful review, the Court finds that the Magistrate Judge's resolution of Auto-Owners' Motion to Compel is neither a clearly erroneous assessment of the facts nor is it contrary to law. As such, the Court overrules Great American's Objections to the Magistrate Judge's Order.

Accordingly, it is

**ORDERED**:

1. Plaintiff's Objections to Magistrate's Order [DE 48] Regarding Defendant's Motion to Compel (Doc. 52) is **OVERRULED**.

2. Great American must produce full and complete discovery responses as directed by the Magistrate Judge **within ten days of this Order**, if it has not already done so.

**DONE AND ORDERED** in Chambers this 30th day of October, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Copies to:
Counsel of Record